IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No. |
| Benny G. Waddell | ) | |
| SSN: xxx-xx-7578 | ) | |
| Sharron R. Waddell | ) | 05-41134-JJR-7 |
| SSN: xxx-xx-5575 | ) | |
| 630 Rainbow Haven | ) | |
| Rainbow City, Alabama 35906 | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |

## APPLICATION FOR COMPENSATION AND EXPENSES
## COVER SHEET

1. Name of Applicants:            Riley Burnett of Riley Burnett, P.C.

2. Date of Application for Employment was filed:    October 18, 2012

3. Date Order Authorizing Employment Entered:    November 8, 2012

4. Professional Services Provided to:           Rocco J. Leo, Trustee

5. Period for Which Compensation is Sought:    April 5, 2005 through February 20, 2014

6. Amount of Fees Sought:            $3,969.55

7. Amount of Expenses Sought:          $0.00

8. This is an Final Application.

Dated this the 11th day of MARCH, 2014.

_____
Riley Burnett
Riley Burnett, P.C.
440 Louisiana Street Suite 1600
Houston, TX 77002-1638
(713) 757-1400

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No. |
| Benny G. Waddell | ) | |
| SSN: xxx-xx-7578 | ) | |
| Sharron R. Waddell | ) | 05-41134-JJR-7 |
| SSN: xxx-xx-5575 | ) | |
| 630 Rainbow Haven | ) | |
| Rainbow City, Alabama 35906 | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |

## APPLICATION FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL ATTORNEY FOR TRUSTEE

Comes now, Riley Burnett of Riley Burnett, P.C., ("Applicant"), as Special Attorney for the Trustee, Rocco J. Leo, in the above-style bankruptcy case, and as Applicant and in support of his Application for Compensation and Reimbursement of Expenses, states the following:

1. The Debtors filed a Voluntary Petition for Relief with this Court under Chapter 7 of Title 11 of the United States Code on April 5, 2005..

2. Rocco J. Leo is the duly appointed Trustee of the above-styled case.

3. This Application is brought pursuant to Title 11 of the United States Code Sections 330, 331 and 503 and Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure.

4. The Applicant has served as counsel to the Trustee pursuant to this Court's Order entered November 8, 2012, approving the employment of Applicant.

5. The Applicant seeks allowance of compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred by Applicant in the course of his employment.

6. Applicant was employed on a contingency fee basis of the amount collected by the Trustee, Rocco J. Leo, subject to this Court's approval.

7. All services of the Applicant for which compensation is requested were performed for and on behalf of the Trustee.

8. The Applicant has not received any payments or promises for payment from any

-2-

Case 05-41134-JJR7    Doc 71    Filed 03/24/14    Entered 03/24/14 16:43:58    Desc Main
Document      Page 2 of 6

source in connection with this case, except as a promise by the Trustee to pay Applicant's contingency fee from the Bankruptcy Estate and to reimburse for expenses incurred, subject to this Court's approval upon application submitted by Applicant.

9. The Applicant has not shared or entered into any agreement for sharing compensation received by the Applicant for services performed in these proceedings from any person or entity.

10. This application is submitted pursuant to the standard set forth in the following cases: Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1291 (11th Cir. 1988); Matter of U.S. Golf Corp., 639 F.2d 1197 (5th Cir. 1981); Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

11. In determining the allowance of attorney's fees and reimbursement of expenses under the Bankruptcy Code and the above cited decisions, the Court must consider the following:

(a) The nature and extent of the services rendered:

> Burnett, a former partner of Clark, Burnett, Love & Lee (CBLL) GP, (now Clark, Love & Hutson(CLH)) was a principal in CBLL. CLH, formerly CBLL, conducted all nurse and medico-legal review once obtaining the claimant's case from Tallon / Ferrer. CBLL was the lead negotiator with the manufacturer's counsel in this particular aggregate settlement. CBLL carried out all detailed medical review, confirmed drug-related injury, provided all requested documentation to the Court appointed Special Master in Chancery, attended any and all hearings and/or settlement conferences, and served as lead counsel on behalf of Mr. Waddell throughout the litigation and settlement process. Mr. Burnett left CBLL at the end of 2012 and his fees reflect the prior partnership agreement.

(b) Value of Services: The Bankruptcy Estate of Benny G. Waddell and Sharron R. Waddell realized $67,821.00 based on the efforts of the Applicant.

An objective estimate of the value of the services of Applicant is determined by the fees other attorneys normally charge for this type of work. Applicant's contingency fee rate is neither more nor less than the rate received by attorneys with comparable skill and experience in both bankruptcy and non-bankruptcy matters.

C. <u>Johnson Factors</u>

A determination of the reasonableness of the rate and hours submitted involves consideration of the twelve (12) factors outlined in <u>Johnston v. Georgia Highway Express, Inc.</u>, supra.

Case 05-41134-JJR7    Doc 71    Filed 03/24/14    Entered 03/24/14 16:43:58    Desc Main
Document      Page 3 of 6

i. <u>Time and Labor Required:</u> The Applicant's time records were almost all made contemporaneously with the rendition of the services. The Applicant represents that the time expended is commensurate with the size and complexity of the case. The Applicant represents that the time charges that are the subject of this Application are reasonable and necessary given the demands of this case. A detailed summary of the Applicant's time is attached as Exhibit "A" and is hereby incorporated by reference.

ii. <u>The Novelty And Difficulty Of The Questions Presented By The Case:</u> There were no particular novel issues.

iii. <u>Skill Requisite To Perform The Services Properly:</u> The entirety of the work performed for the Trustee in this matter to date as reflected in this Application has been performed by Riley Burnett, who has been an attorney for more than 22 years.

iv. <u>The Preclusion of Other Employment By Acceptance Of This Employment:</u> The representation by Applicant of the Trustee in this matter has not precluded the Applicants from performing other work requirements.

v. <u>Customary Fees For Work In The Community:</u> The fees charged for services rendered by the Applicant are customary and usual in the legal community where the Applicant practices and where this case was commenced. The contingency fee rate is customarily charged to other clients for similar legal services during the period of time involved.

vi. <u>Contingent Nature Of Fees:</u> As in all bankruptcy cases, fees for professional persons employed are subject to Court approval and the availability of funds in the Debtor's estate and are in that sense contingent. However, further on this case the Applicant's fees were totally contingent.

vii. <u>Time Limitation Imposed By The Client Or The Circumstances:</u> There have not been any undue time restraints or limitations imposed by the Client or the circumstances upon the Applicants with respect to work performed by Applicant in this matter.

viii. <u>Amount Involved And Results Obtained:</u> The result of the efforts of the Applicant to the Estate is $67,821.00.

ix. <u>Experience, Reputation, And Ability Of Attorney:</u> Your Applicant has been a practicing attorney in Texas for more than 22 years, a substantial portion of such time has been spent performing work in state court and related matters such as was the subject of this lawsuit. The Applicant is a member of the Bars of the _State of Texas and Pennsylvania._

Case 05-41134-JJR7    Doc 71    Filed 03/24/14    Entered 03/24/14 16:43:58    Desc Main
Document      Page 4 of 6

x. <u>The Nature And Length Of The Professional Relationship Of The Client:</u> The Applicant has not represented the Trustee in matters prior to the initiation of this Chapter 7 case.

xi. <u>The Undesirability Of This Case:</u> Applicant does not consider this case to be "undesirable" except to the extent that it precludes the Applicant from other employment given the fact the fees are contingent and then further require Court approval.

xii. <u>Awards in Similar Cases:</u> Applicant has devoted a significant but reasonable amount of time thus far in the work which he was hired to perform and, therefore, avers the contingency fee rate for Applicant's compensation as well as reimbursement of his actual expenses incurred, is a fair and reasonable award of compensation and expenses, and is in the range of awards in similar proceedings.

WHEREFORE, PREMISES CONSIDERED, Applicant requests this Court to enter an Order approving this First Application for Compensation and Reimbursement of Expenses by Riley Burnett of Riley Burnett, P.C., Special Attorney for the Trustee, as follows:

1. Award Applicant, Riley Burnett of Riley Burnett, P.C., G.P. $3,969.55 as compensation for professional services rendered in this case for services.

2. Award Applicant Riley Burnett of Riley Burnett, P.C., G.P. $0.00 for reimbursement of out-of-pocket expenses.

3. Authorize the Trustee to immediately pay to Applicant the grand total of $3,969.55 representing reasonable compensation and reimbursement of expenses.

Applicants request such further, other and additional relief as this Court deems just and proper.

### **VERIFIED STATEMENT**

I have read the above and foregoing Application. As required by Federal Bankruptcy Rule of Procedure 2014(a), and in accordance with Federal Bankruptcy Rule or Procedure 9011(b) and Title 28 <u>United States Code</u> Section 1746, I declare under penalty of perjury that the statements there made with reference to me and my professional associates are true and correct.

Dated: 3/11/14

Riley Burnett
Riley Burnett, P.C.
440 Louisiana Street Suite 1600
Houston, TX 77002-1638
(713) 757-1400

Witness

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2014, I have served a copy of the foregoing **Application for Final Compensation and Reimbursement of Expenses by Riley Burnett of Riley Burnett, P.C.** on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address listed below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures **as indicated below:**

**Served Via Electronic Mail:**
Robert J. Landry, III
Robert_Landry@alnba.uscourts.gov
Bankruptcy Administrator
1129 Noble Street, Room 117
Anniston, Alabama 36201

**Served Via Notice of Electronic Filing:**
John W. Jennings, Jr.
jr6608@bellsouth.net
111 South 10th Street
Gadsden, AL 35901-3614

Rocco J. Leo
rleo@leoandoneal.com
Leo & O'Neal
3250 Independence Dr.
Birmingham, AL 35209-4141

/s/ Joy Beth Smith
Max C. Pope, Jr.
Joy Beth Smith
Attorneys for Rocco J. Leo, Trustee
Post Office Box 2958
Birmingham, Alabama 35202
(205) 327-5566